**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:15-CV-554-CHB-CHL**

**JANICE A. PHILPOTT,**

                                                **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                  **Defendant.**

**REPORT AND RECOMMENDATION**

      This matter is before the Court on the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1), filed by counsel for Plaintiff, Janice A. Philpott ("Philpott"). (DN 23.) Defendant, Commissioner of Social Security (the "Commissioner"), filed a response (DN 25), and Philpott's counsel filed a reply (DN 26). District Judge Claria Horn Boom referred Philpott's motion to the undersigned for "a hearing, if necessary, and for findings of fact, conclusions of law, and recommendation." (DN 29.) Therefore, this matter is ripe for review.

      For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion for Attorney Fees (DN 23) be **GRANTED IN PART** and **DENIED IN PART**.

**I.    FINDINGS OF FACT**

      On June 19, 2015, Philpott filed a Complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). (DN 1.) On September 15, 2016, the undersigned issued a report and recommendation recommending that the final decision of the Commissioner be reversed and that the matter be remanded to the Commissioner for further proceedings. (DN 18.) On December 12, 2016, the Court adopted the undersigned's report and recommendation; reversed and remanded the matter to the Commissioner for further proceedings; and entered judgment for Philpott. (DNs 19, 20.)

On January 11, 2017, the Parties filed a Joint Stipulation for Award of Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (DN 21.) The Court entered the Parties' Joint Stipulation on January 13, 2017, awarding Philpott "attorneys fees and expenses in the amount of $4,480.00, in full satisfaction and settlement of any and all claims for fees, costs, and expenses under the [EAJA], 28 U.S.C. § 2412." (DN 22.)

On remand before the Social Security Administration ("SSA"), an ALJ found Philpott disabled and entitled to benefits beginning from August 2011. (DN 23-2, at PageID # 743; DN 23-3, at PageID # 751-56.) On April 15, 2020, the SSA notified Philpott that her first social security payment would be in the amount of $140,778.45 for amounts owed through April 2020. (DN 23-3, at PageID # 752.) The SSA indicated that she would receive payments monthly thereafter in the amount of $1,789.00. (*Id.*) The SSA also informed Philpott that it was withholding 25% of her past-due benefits in the amount of $46,926.15 in case it needed to pay her representative. (*Id.* at 753.) The total amount of Philpott's past-due benefits, therefore, is $187,704.60.

On May 14, 2020, Philpott's counsel filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) seeking an award of attorney's fees in the amount of $22,400.00. (DN 23.) Philpott's counsel submitted an affidavit in support of the motion that attached as an exhibit both an itemization of services provided and a copy of the Retainer Agreement and Assignment between Philpott and her counsel. (DNs 23-2, 23-3.) The Retainer Agreement and Assignment, which was signed by Philpott, provided in relevant part as follows:

> I.   If the appeal is successful and I am awarded past-due benefits by the district court, the law firm is to receive twenty-five percent (25%) of the past due benefits due me and my family pursuant to 42 U.S.C. § 406 of the Social Security Act. Fees must be approved by the district court. If the appeal is not successful, there will be no further charge.

> II. If the case is remanded by the United States District Court to the Social Security Administration for review or additional testimony, and I am awarded past due benefits by the Appeals Council or an Administrative Law Judge after an additional hearing, the law firm may apply for fees to the U.S. District Court under §406. These fees will not exceed 25% of the back due benefits due me and my family. Fees will be approved by the U.S. District Court pursuant to §406(b) of the Social Security Act.

(DN 23-3, at PageID # 747.) The itemization of services provided by counsel demonstrated that four different attorneys spent a total of thirty-two hours working on Philpott's case before this Court. (DN 23-2, at PageID # 743-45; DN 23-3, at PageID # 749.)

The Commissioner filed a Response opposing an award of attorney's fees and costs on grounds that the award would constitute a windfall in violation of established law. (DN 25.) The Commissioner argued that an award of $15,071.00 was the maximum appropriate reasonable fee. (*Id.* at PageID # 769.) Philpott's counsel filed a reply again arguing that the award sought was reasonable. (DN 26.)

**II.     CONCLUSIONS OF LAW**

42 U.S.C. § 406(b)(1)(A) provides,

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Where attorney and client have agreed upon payment of the statutory maximum, though the Court is not bound by the agreement, it "should be given the weight ordinarily accorded a

3

rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). This presumption may be rebutted by evidence that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990). The Sixth Circuit has held that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. However, even "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable" and does not constitute an automatic windfall. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting *Hayes*, 923 F.2d at 422). As to a request for fees above this *per se* reasonable judicial floor, the Court may consider a number of factors in determining the reasonableness of the requested fee and/or whether it constitutes a windfall including the hypothetical/effective hourly rate, any delay by the attorney, what proportion of the hours worked were attorney time as opposed to paralegal or clerical time, the degree of difficulty of the case, any opposition by the Commissioner, etc. *See Gisbrecht*, 535 U.S. at 808; *Rodriguez*, 865 F.2d at 747; *Hayes*, 923 F.2d at 422; *Lasley*, 771 F.3d at 309-310. At all times, it is the burden of the movant counsel to demonstrate "that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

Here, Philpott and her counsel entered into a presumptively reasonable contingency fee arrangement for 25% of any past-due benefits recovered, an amount that ultimately totaled $46,926.15. (DN 23-3, at PageID # 747, 753.) That total amount notwithstanding, counsel seeks only the recovery of $22,400.00 in the instant motion. (DNs 23-1, 23-4.) Counsel argues that the

4

amount of fees sought is reasonable given that there is no evidence of "fraud or overreaching by" counsel or that counsel delayed the matter, and counsel did achieve success in obtaining benefits for Philpott. (DN 23-4, at PageID # 758.) The Commissioner does not appear to contest Philpott's counsel's argument that there is no reason attributable to the conduct of counsel to reduce the requested fee; instead, the Commissioner argued that the fee sought would constitute a windfall to counsel. (DN 25.)

As noted above, the determination of whether a fee would constitute a "windfall" involves a determination of a number of factors, but the Court's starting point is to determine the hypothetical/effective hourly rate sought and whether that rate is more than twice the standard rate in the prevailing market. *Hayes*, 923 F.2d at 422; *Lasley*, 771 F.3d at 310. Here, $22,400.00 divided by thirty-two hours results in an effective rate of $700.00 per hour. Philpott's counsel argued that the standard rate in this geographical area is no more than $350.00 per hour such that the $700.00 per hour rate falls within the floor established by the Sixth Circuit. (DN 23-4, at PageID # 759-60.) However, as noted by the Commissioner, the Court has looked to the rates charged under the EAJA to determine the standard hourly rate. (DN 25, at PageID # 766.) *See also Kishbaugh v. Saul*, No. 4:17-cv-107-HBB, 2019 WL 3483163, at *4-5 (W.D. Ky. July 31, 2019). This Court has previously found that a rate of $140.00 is the standard rate in the Louisville Division of the Western District of Kentucky under the EAJA. *See, e.g., Harville v. Colvin*, No. 3:13-CV-4176-CRS, 2015 WL 64977, at *2 (W.D. Ky. Jan. 5, 2015); *Neff v. Colvin*, No. 3:13-CV-638-CHL, 2015 WL 796604, at *4 (W.D. Ky. Feb. 25, 2015). Philpott's counsel has offered no reason to deviate from this conclusion. Accordingly, the undersigned finds that the $22,400.00 sought by counsel is not *per se* reasonable under the Sixth Circuit's rule in *Hayes* because it is in

excess of two times the standard rate in this market ($140.00 per hour x 32 hours = $4,480.00). However, this is not determinative of whether the amount sought in this case constitutes a windfall.

Counsel argues that even if the Court concludes the fee sought is in excess of the amount that is *per se* reasonable, the amount sought is still a reasonable contingency fee given that all of the time sought was performed by attorneys and "there is no evidence counsel was ineffective or engaged in improper conduct to prolong the proceedings." (DN 23-4, at PageID # 760.) Counsel also argued that "the case involved great difficulty and risk, requiring multiple appeals and hearings before resulting in an award of benefits to Plaintiff." (*Id.*) The undersigned finds this latter point unavailing as an award of fees under 42 U.S.C. § 406(b) is only for actions performed before *this Court*. There were no hearings or multiple appeals before this Court. Instead, counsel filed a four-page Complaint that included some specific information about Philpott's medical conditions but otherwise appeared to be largely a form Complaint in which counsel merely changed the dates of various events.[1] (DN 1.) Counsel then filed a Motion for Summary Judgment supported by a thirty-page memorandum containing detailed citations to the administrative record and specific arguments with citations to pertinent legal authority. (DN 14.) After review of the Parties' filings, the undersigned then recommended that the Commissioner's decision be reversed on the basis of several flaws in the ALJ's decision, and the Commissioner did not object to the undersigned's recommendation. (DN 18.) The itemization of services provided by counsel indicates that the vast majority of counsels' time was spent on reviewing the 557-page administrative record (4.5 hours) and drafting/revising the motion for summary judgment and supporting memorandum filed (26.2 hours). (DN 11; DN 23-3, at PageID # 749.) The undersigned

---

[1] The undersigned concludes that the Complaint in this case is largely a form Complaint based on a comparison of the same with other Complaints filed by the same counsel in other cases within this District. *Compare* DN 1, *with* DN 1, *Fischer v. Comm'r of Soc. Sec.*, No. 3:19-cv-771-DJH (filed Oct. 25, 2019).

6

finds that neither the amounts of hours spent on particular tasks nor the overall expenditure of thirty-two hours total on Philpott's case is unreasonable given the issues presented therein. Accordingly, the undersigned finds that nothing about counsel's conduct or the quality and quantity of the work performed in this case appears to weigh in favor of a finding that the fee sought is not reasonable or constitutes a windfall.

The only factor that appears to weigh in favor of the amount of fees sought being a windfall is the effective hourly rate of $700.00. The Commissioner argues that the Court should reduce the effective rates sought by each attorney to between $455.00 and $595.00 per hour depending on each attorney's experience, resulting in a total award of $15,071.00. (DN 25, at PageID # 770.) In reply, Philpott's counsel argues that this one factor should not be dispositive of the case, otherwise "the Supreme Court's holding in *Gisbrecht* precluding Courts from setting a fee based on the lodestar method would have no practical effect." (DN 26, at PageID # 776.) While Philpott's counsel's argument is well taken, as another Court in this District recently observed of the *Gisbrecht* decision, when assessing the reasonableness of contingency fee awards as directed by the Supreme Court, "[i]n practice, one of the only ways for the Court to do so is by scrutinizing either the number of hours billed or the hypothetical rate at which they are billed—an analysis that admittedly is akin to a lodestar analysis." *Candelaria v. Comm'r of Soc. Sec.*, No. 5:17-cv-16-GNS, 2020 WL 4728773, at *4 (W.D. Ky. Aug. 14, 2020) (citing *Gisbrecht*, 535 U.S. at 809) (citations omitted). Further, the Sixth Circuit has expressly approved the Court's consideration of the effective hourly rate as one factor in determining whether a contingency fee sought is reasonable. *Lasley*, 771 F.3d at 310.

With these considerations in mind, the undersigned finds that allowing counsel to recover fees at an effective rate of $700.00 per hour would constitute a windfall. Instead, the undersigned

recommends awarding fees at approximately $500.00 per hour. While all four attorneys who worked on Philpott's case have varied levels of experience and worked varied hours, counsel's affidavit demonstrates that all four attorneys have experience in social security cases. (DN 23-2, at PageID # 743-45.) The Commissioner requests that separate rates be awarded to each counsel based on their experience, the same way that the Court would have analyzed the situation if applying a lodestar analysis. (DN 25, at PageID # 767-70.) But the question before the Court is not what fee it would award if applying a lodestar analysis, the question before the Court is whether the requested *contingency fee* is reasonable. 42 U.S.C. § 406(b); *Gisbrecht*, 535 U.S. at 806 (noting that Congress's intent in § 406(b) was not to install a lodestar analysis). The Court has previously found that a $500.00 per hour rate was appropriate for an attorney with significant social security experience. *See Keith v. Saul*, No. 5:16-cv-00103-LLK, 2020 WL 1991414, at *1 (W.D. Ky. Apr. 27, 2020); *Chumbley v. Saul*, No. 1:17-CV-00113-LLK, 2020 WL 1991417, at *2 (W.D. Ky. Apr. 27, 2020). Combined, the four attorneys who worked on Philpott's case have been involved in thousands of social security appeals and possess over fifty years of legal experience, including numerous years of social security-specific experience. (DN 23-2, at PageID # 743-45.) In view of this experience, the reasonable number of hours worked on this case, and the quality of the work conducted by counsel, the undersigned finds that a contingency fee resulting in an effective rate of $500.00 per hour would be both reasonable and not constitute an impermissible windfall.[2] The undersigned finds this result takes into account the appropriate factors under Sixth Circuit and Supreme Court precedent, adequately observes the difference between contingency fee

---

[2] Indeed, the undersigned notes that the Commissioner recommended the Court apply utilize rates of $490, $525, and $595 respectively for at three of the four attorneys who worked on Philpott's case. (DN 25, at PageID # 770.) While those three attorneys constitute only a small portion of the total hours worked on Philpott's case, the undersigned sees no reason to penalize counsel for allowing a more junior associate to gain experience in an area of law with appropriate supervision given the standard the Court applies under 42 U.S.C. § 406(b).

arrangements in social security cases and hourly fee arrangements, and continues to encourage attorneys to undertake representation in these types of cases. *See Rodriguez*, 865 F.2d at 743 ("Unlike a personal injury case, the amount of a social security claimant's benefit award normally does not increase as a result of the attorney's skillful or vigorous advocacy"); *id.* at 744 ("The fee approval provision [in § 406(b)] is also designed to assure adequate compensation to the claimant's attorney and as a consequence to encourage attorney representation."). Accordingly, the undersigned recommends that the Court award Philpott's counsel attorneys' fees in the amount of $16,000.

### III. RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** that the Motion for Attorney Fees (DN 23) be **GRANTED IN PART** and **DENIED IN PART**. The undersigned recommends that the Court award attorneys' fees in the amount of **$16,000.00** and direct the Commissioner to pay counsel from Philpott's past-due benefits being withheld for payment of attorneys' fees.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record
October 19, 2020

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).