UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JANICE A. PHILPOTT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 3:15-CV-554-CHB<br><br>**MEMORANDUM OPINION AND ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) [R. 23], filed by counsel for Plaintiff Janice A. Philpott. Defendant Commissioner of Social Security (the "Commissioner"), filed a Response [R. 25], and Plaintiff's counsel ("counsel") filed a Reply [R. 26]. The Court referred the matter to Magistrate Judge Colin H. Lindsay, who filed a Report and Recommendation [R. 30]. Plaintiff's counsel filed Objections to the Report and Recommendation [R. 31], and the Commissioner filed a Response to those Objections [R. 34]. The matter is now ripe for review.

For the reasons discussed below, the Court will adopt the Report and Recommendation in part.

## I.   Background

After the Commissioner issued a final decision denying Plaintiff's application for Social Security Disability Insurance benefits, Plaintiff asked this Court to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). [R. 1] Plaintiff moved for summary judgment, and after a Report and Recommendation from Magistrate Judge Lindsay, the Court reversed the Commissioner's decision and remanded the case back to the Commissioner for further

proceedings. [R. 14; R. 18, p. 34; R. 19; R. 20] The Parties then filed a Joint Stipulation for Award of Attorney Fees Under the Equal Access to Justice Act. [R. 21] The Court entered the Stipulation, which awarded $4,480.00 to Plaintiff's counsel. [R. 22]

The Social Security Administration (SSA) then considered Plaintiff's case on remand. [R. 23-2, p. 2] On remand, the SSA found Plaintiff disabled as of February 25, 2011 and entitled to benefits as of August 2011. [R. 23-3, pp. 6–7] The SSA determined that it would issue an award of $187,704.60 for amounts owed through April 2020, with $46,926.15 (25%) withheld for potential attorney's fees. *Id.* at 7–8. Therefore, the initial payment would be $140,778.45. *Id.*

After this award, Plaintiff's counsel moved for attorney's fees pursuant to § 406(b)(1) and requested a payment of $22,400.00 from those withheld fees. [R. 23] Plaintiff's counsel provided a copy of the retainer agreement between Plaintiff and counsel, which provided that counsel would receive 25% of past-due benefits, subject to approval by this Court. [R. 23-3, p. 2] Plaintiff's counsel also provided an itemization of services, which demonstrated that four attorneys worked on the case for a total of 32 hours. [R. 23-2, pp. 3–5; R. 23-3, p. 4] The Commissioner—which assumes a trustee-like role for Social Security claimants in attorney's fees proceedings (given that the fees are awarded to counsel out of Plaintiff's past-due benefits)—responded in opposition. [R. 25, p. 2] The Commissioner argued that the award of $22,400.00 would amount to an unreasonable $700/hr. hypothetical hourly rate and constitute a windfall to counsel. *Id.* He recommended a fee award of $15,071. *Id.* at 7. Plaintiff's counsel replied and argued that the award would be reasonable in light of counsel's risk of nonpayment if Plaintiff had lost the case. [R. 26]

After the Court referred this matter to Magistrate Judge Lindsay, he entered a Report and Recommendation [R. 30]. Judge Lindsay found that the hypothetical hourly rate requested

($700/hr.) was more than double the $140.00/hr. hourly rate charged under the Equal Access to Justice Act (EAJA) in the Louisville area, which was the applicable standard rate. *Id.* at 5. Therefore, Judge Lindsay found that the requested $700/hr. rate was not *per se* reasonable under Sixth Circuit precedent. *Id.* at 4–6; *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990). Having determined the rate was not *per se* reasonable, Judge Lindsay examined various factors to determine the reasonableness of the fee: hypothetical hourly rate, time spent by attorneys on the case as compared to support staff, the degree of difficulty of the case, whether the attorney was responsible for any delay, and whether the Commissioner opposed the fee award. [R. 30, pp. 4, 6–8] Judge Lindsay found that "nothing about counsel's conduct or the quality and quantity of the work performed in this case appears to weigh in favor of a finding that the fee sought is not reasonable or constitutes a windfall." *Id.* at 6–7. He found that the "only factor" weighing in favor of reducing the fee award was the hypothetical hourly rate. *Id.* at 7. Based on this factor—and noting that a $500/hr. rate had been considered reasonable in other Western District of Kentucky cases where the attorney had significant SSA litigation experience—Judge Lindsay recommended reducing the fee award to $16,000, equivalent to a $500/hr. hypothetical rate. *Id.* at 7–8. Judge Lindsay found that a rate of $500/hr. would be adequate remuneration and would "continue[] to encourage attorneys to undertake representation in these types of cases." *Id.* at 9.

Plaintiff's counsel objects to the Report and Recommendation for five reasons. First, counsel argues that Judge Lindsay inappropriately considered only the hypothetical hourly rate when reducing the fee award. [R. 31, pp. 2–3] Second, counsel maintains that Judge Lindsay should not have relied upon the EAJA rate in Louisville to set a *per se* reasonable rate because "no controlling legal authority" directs courts to consider EAJA rates in the prevailing market.

*Id.* at 4. Counsel instead argues that the Court should determine the *per se* reasonable rate based on its firm's non-contingency billing rates. *Id.* Third, counsel argues that, when the Court appropriately considers the risk of nonpayment to the law firm, the requested payment here would not be a windfall. *Id.* at 5–6. Counsel argues that the risk of nonpayment is high given that the average rate of reversal—either at the district court or on remand—is only one in three across the country, and even lower in this District. *Id.* at 6 & n.4. Fourth, counsel notes that it requested much less than the 25% of past-due benefits allowed under its fee agreement, and that the past-due benefits still do not take into account the future benefits that will accrue to Plaintiff. *Id.* at 7–8. Fifth, counsel argues that other courts in the Sixth Circuit have upheld awards with high hypothetical hourly rates. *Id.* at 8.

In his Response to these Objections, the Commissioner argues that Judge Lindsay appropriately reduced the fee award. [R. 34, p. 2] The Commissioner maintains that settled Sixth Circuit case law endorses the practice of considering the hypothetical hourly rate as a factor in determining whether a fee award is reasonable. *Id.* at 4–5. The Commissioner also takes issue with Plaintiff's counsel's characterization of risk, alleging that the rate of recovery is north of 38% and that—regardless of the rate of recovery—the fee awarded here is still adequate to compensate counsel for risk of nonpayment. *Id.* at 6–7. The Commissioner further argues that Judge Lindsay's use of EAJA rates to determine the standard rate for payment was appropriate based on previous cases in this Court. *Id.* at 7.

## II. Standard of Review

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Magistrate Judge's report and recommendation or else forfeit her rights to appeal. When no objections are made, this Court is not required to

"review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

For properly made objections, non-dispositive matters are reviewed under a "limited" standard of review: the district court must modify or set aside any part of the order that is clearly erroneous or is contrary to law. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019); Fed. R. Civ. P. 72(a). Dispositive matters, however, are reviewed *de novo* if a party makes proper objections. Fed. R. Civ. P. 72(b)(3). In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (alteration added by *Robert* court) (quoting *Smith v. Chater*, 121 F.3d 709 (Table), 1997 WL 415309, at *2 (6th Cir. July 18, 1997)).

### III. Discussion

The Court's analysis of fee awards in Social Security cases is prescribed by statute, Supreme Court precedent, and Sixth Circuit precedent. When those fee awards stem from a contingent-fee agreement, courts "look[ ] first to the contingent-fee agreement, then test[ ] it for reasonableness." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (alterations in original) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). Under 42 U.S.C. § 406(b)(1)(A), attorneys may collect up to 25% of past-due benefits as fees. *Lasley*, 771 F.3d at 309. When the award is "[w]ithin the 25 percent boundary . . . the attorney for the successful

claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Contingent-fee awards that fall under the 25% cap are "accord[ed] a rebuttable presumption of reasonableness." *Lasley*, 771 F.3d at 309; *accord Hayes*, 923 F.3d at 419. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable." *Hayes*, 923 F.3d at 422. Even if the hypothetical hourly rate is more than twice the standard rate, however, it "may well be reasonable." *Id.*; *accord Lasley*, 771 F.3d at 309.

Plaintiff and counsel executed a fee agreement. [R. 23-3, p. 2] While due deference should be provided to their agreement, the Court is not automatically bound by it because the Court is tasked with assessing whether the fee authorized is reasonable. *Gisbrecht*, 535 U.S. at 807. Generally, deductions to large fee awards fall into the following categories: when the representation is "substandard," when "the attorney is responsible for delay" in the litigation, or when the award would constitute a "windfall" for the attorney based on the amount of time spent on the case. *Id.* at 808.

Courts may consider a number of factors to determine whether "to rebut the presumed reasonableness of the attorney's fee." *Lasley*, 771 F.3d at 309; *accord Hayes*, 923 F.3d at 422. One relevant factor, among others, for assessing whether an award is reasonable is the hypothetical hourly rate, which is determined by the dividing fee award sought by the hours worked on the case. *Hayes*, 923 F.3d at 422. Other factors include, but are not limited to, the time spent by attorneys on the case as compared to support staff, the degree of difficulty of the case, whether the attorney was responsible for any delay, and whether the Commissioner opposed the fee award. *Id.* If, after considering all relevant factors, a court finds that the requested fee award would be unreasonable, the court may reduce that award to a reasonable amount. *Gisbrecht*, 535 U.S. at 808; *see also Lasley*, 771 F.3d at 308.

Plaintiff's counsel objects to both Judge Lindsay's calculation of the "standard rate" used to find that the fee award was not *per se* reasonable and Judge Lindsay's assessment of whether the requested fee award constituted a windfall. The Court will address both sets of objections in turn.

A. <u>*Per Se* Reasonable Rate</u>

Plaintiff's counsel objects to Magistrate Judge Lindsay using EAJA fee awards in the Louisville area to set the *per se* reasonable rate. Counsel asserts that "there is no controlling legal authority that the Court is to consider the standard rate 'in the prevailing market' when setting a *per se* reasonable hourly rate." [R. 31, p. 4] Counsel distinguishes this case from *Lasley*—which Judge Lindsay cited in basing the *per se* reasonable rate on the Louisville EAJA rate—because counsel in *Lasley* delayed filing for fees, requested the full 25% amount allowed by statute, and dealt with a simple issue. [R. 31, p. 4] Counsel instead alleges that the Court should determine a *per se* reasonable rate based on its lawyers' normal hourly charge for non-contingency cases. *Id.*

In Response, the Commissioner argues that Judge Lindsay's use of EAJA rates to set the *per se* reasonable rate was appropriate. [R. 34, p. 7] The Commissioner acknowledges that courts in the Sixth Circuit have at times declined to use EAJA rates to determine the standard rate but maintains that this Court has used the $140/hr. EAJA rate to calculate the standard rate in this District. *Id.*

The Court agrees with Commissioner on this point, based on a close reading of *Lasley* and a consideration of previous fee-award cases in this Court. First, *Lasley* endorses using the EAJA rate in the relevant legal market to calculate the *per se* reasonable rate. 771 F.3d at 310. The magistrate judge's recommendation in *Lasley*, which was adopted by the district court, used EAJA rates in its district to find that the fee requested by the attorney was in excess of the *per se*

reasonable rate and, after consideration of relevant factors, amounted to a windfall. *Lasley v. Comm'r of Soc. Sec.*, No. 1:10-CV-394, 2013 WL 3900096, at *9 (S.D. Ohio July 29, 2013), *report and recommendation adopted*, No. 1:10CV394, 2013 WL 6147841 (S.D. Ohio Nov. 22, 2013), *aff'd*, 771 F.3d 308. The Sixth Circuit affirmed that approach on an abuse-of-discretion standard. *Lasley*, 771 F.3d at 310. Even if, as Plaintiff's counsel alleges, the attorney's conduct in *Lasley* is distinguishable based on the relevant factors, the Court cannot disregard *Lasley*'s endorsement of using EAJA rates to set a *per se* reasonable rate as a legal matter.

Second, this Court has previously found EAJA rates to be the appropriate basis for *per se* reasonableness analysis. *See, e.g.*, *Kishbaugh v. Saul*, No. 4:17-CV-00107-HBB, 2019 WL 3483163, at *4–5 (W.D. Ky. July 31, 2019) (noting that most cases in the Eastern District of Kentucky used the EAJA rate as the standard hourly rate and adopting the EAJA rate); *Coulter v. Colvin*, No. 1:13-CV-00011-LLK, 2014 WL 4851769, at *3 (W.D. Ky. Sept. 29, 2014); *Chumbley v. Saul*, No. 1:17-CV-00113-LLK, 2020 WL 1991417, at *1 (W.D. Ky. Apr. 27, 2020). Plaintiff's counsel offers no reason why this Court should not use EAJA rates as the basis for the *per se* reasonable rate other than a brief passage from *Gisbrecht*, which states that a "court may require the claimant's attorney to submit . . . a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" to assess the reasonableness of a fee award. *Id.* at 808. But *Gisbrecht* does not hold this is the only measure for reasonableness. Moreover, counsel has wholly failed to provide this Court with other evidence of the relevant "normal hourly billing charge for noncontingent-fee cases." *Id.* And in any event, based on all the factors assessed in Section B below, counsel's fee request of $22,400 is unreasonable under the particular facts of this case. Therefore, this objection will be overruled.

    B.  <u>Reasonableness of Award</u>

Plaintiff's counsel's remaining objections concern how Magistrate Judge Lindsay evaluated the relevant factors for reasonableness in reducing the fee award. Therefore, the Court will analyze each of the relevant factors to determine whether reducing the fee award is appropriate.

One factor the Court may consider is the hypothetical hourly rate. *Hayes*, 923 F.3d at 922. The Court notes at the outset that the hypothetical hourly rate is not *per se* reasonable: the requested fee award amounts to a hypothetical rate of $700/hr., which is over four times the standard rate (the EAJA rate in Louisville). Even so, hourly rates above this floor "may well be reasonable." *Lasley*, 771 F.3d at 309. As this Court has previously noted, fee awards with hypothetical rates up to $700/hr. have been upheld by courts in our sister district when the attorneys were sufficiently experienced. *See Kishbaugh*, 2019 WL 3483163, at *5. For example, in *Lockridge v. Astrue*, No. CIV.A. 04-499-JBC, 2009 WL 127668 (E.D. Ky. Jan. 16, 2009), the court upheld a $700/hr. hypothetical rate when the attorney had over 30 years' experience in Social Security claims, was very active in the Social Security Bar, and presented evidence that hourly rates for downtown Cincinnati and for attorneys with similar experience were above the standard rate. *Id.* at *2–3. And in *Blagg v. Astrue*, No. 2:06-43-WOG (E.D. Ky. July 17, 2009), ECF No. 19, the court upheld another $700/hr. hypothetical rate when the attorney charged a normal fee of $350/hr. and was active in the Cincinnati Social Security Bar. *Id.* at 2–3. In contrast, this Court has reduced fee awards to a hypothetical rate of $500/hr. where the attorney did not show experience enough to justify a higher hypothetical rate. *See Chumbley*, 2020 WL 1991417, at *1 (reducing award for small firm in Owensboro that does Social Security appeals along with other matters); *Keith v. Saul*, No. 5:16-CV-00103-LLK, 2020 WL 1991414, at *1

(W.D. Ky. Apr. 27, 2020) (reducing award for solo practitioner in Paducah with 30 years' experience in Social Security matters).

Here, the Court notes that counsel's qualifications are more similar to the attorneys in *Lockridge* and *Blagg* than the ones in *Chumbley* and *Keith*. Counsel, which are part of a New York firm that works primarily on Social Security cases, have a wealth of experience in the Social Security system. Attorney Curt New, the main attorney assigned to this case, attests that he has "worked on more than 100 Social Security disability briefs in multiple Federal courts." [R. 23-2, p. 4] The main supervising attorney, Charles Binder, attests that he is a past president of the New York Social Security Bar Association and has regularly given lectures on litigating Social Security disability cases. *Id.* Moreover, counsel were able to draft a detailed 30-page brief in support of Plaintiff's Motion for Summary Judgment. [R. 15] These qualifications and work output suggest that a fee award higher than the EAJA rate in Louisville may be reasonable for this counsel. *See Lockridge*, 2009 WL 127668, at *2–3; *Blagg*, No. 2:06-43-WOG, ECF No. 19, at 2–3.

The Court's consideration of other relevant factors also shows that a fee award above twice the EAJA rate may be reasonable. First, the time spent on the case was billed entirely by attorneys instead of support staff. [R. 23-3, p. 4] Second, the case was fairly complex, containing several legal issues and resulting in a 38-page recommendation by Judge Lindsay (which was subsequently adopted by this Court). [R. 18; R. 19] Third, there is no contention that Plaintiff's counsel is responsible for any delay in requesting fees. The only other factor counseling against adopting the requested fee award is the last factor, that the Commissioner has opposed the fee award. [R. 25; R. 30, p. 7]

Still, the Court is mindful that even attorneys with considerable experience have not commanded a $700/hr. hypothetical rate in this Court. *See Keith*, 2020 WL 1991414, at *1. Therefore, upon consideration of all relevant factors, the Court will reduce the fee award for Plaintiff's counsel, but only slightly, to an award of $19,200.00 (good for a hypothetical rate of $600/hr.).

The Court has considered Plaintiff's counsel's other objections and finds an award of $19,200 to be the upper end of reasonableness under the facts of this case. First, counsel argues that the Court may not look solely to the hypothetical hourly rate in determining whether a requested fee award is reasonable. [R. 31, pp. 3–4] But neither this Court's analysis nor Judge Lindsay's analysis looked solely at the hypothetical rate; instead, the analysis above considers counsel's experience, the complexity of the case, and the Commissioner's opposition—and Judge Lindsay's Report and Recommendation did the same. [R. 30, pp. 6–9]

Counsel also notes that the risk of nonpayment may require a higher contingent-fee award and points to a relatively low rate of success for Social Security plaintiffs in this District. But as the Commissioner points out, it does not actually specify what its own rate of success in Social Security cases is. [R. 31, pp. 4–6; R. 34, p. 6] Obviously the risk of nonpayment may be much lower than the national or district average when an experienced law firm is able to assess possible contingency cases and decide to pursue only those claims with a high chance at recovery. Further, counsel offers no evidence that a hypothetical rate of $600/hr. (or even $500/hr.) would render Social Security claims unprofitable on contingency. [R. 31]

Counsel's advisement that it requested much less than the 25% allowed under its fee agreement—and that the past-due benefits still do not take into account future benefits—likewise fails to justify a $700/hr. hypothetical rate. *Id.* at 7–8; *see Lockridge*, 2009 WL 127668, at *1

- 11 -

("The fact that [counsel] has requested less than the twenty-five-percent figure does not eliminate the need for the Court's [reasonableness] analysis."). The Court's basic job is to assess whether the scale of the fee award is justified by the quality and quantity of the attorney's work, not the amount of benefits that actually accrued to the claimant. *See Gisbrecht*, 535 U.S. at 807 ("[T]he attorney for the successful claimant must show that the *fee sought is reasonable for the services rendered*." (emphasis added)).

Finally, counsel's allegation that several Sixth Circuit courts have upheld awards with high hypothetical hourly rates does not require the Court to find the requested rate to be reasonable. [R. 31, pp. 7–8] Indeed, some courts—including this Court—have reduced requested fee awards, even when the attorneys were experienced and diligent. *See Keith*, 2020 WL 1991414, at *1.

## IV.  Conclusion

For the reasons set forth above, the Court will adopt the Magistrate Judge's Report and Recommendation in part. Rather than reducing the award of attorney's fees to $16,000 as recommended in the Report and Recommendation, the Court will reduce the award of attorney's fees to $19,200.00 and direct the Commissioner to pay counsel from Philpott's past-due benefits being withheld for payment of attorney's fees. The Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [**R. 30**] is **ADOPTED in part** as the opinion of this Court.

2. Commissioner shall pay counsel **$19,200.00** from Plaintiff Philpott's past-due benefits being withheld for payment of attorney's fees.

This the 25th day of May, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY